842 F.2d 332
 142 L.R.R.M. (BNA) 2232
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner, Cross-Respondent,
v.
RYDER SYSTEM, INC.; Ryder Distribution Systems, Inc.; and
DPD, Inc., Respondents, Cross-Petitioners.
 Nos. 86-5970, 86-6170.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1988.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case is before us on an application for enforcement of a National Labor Relations Board order. An administrative law judge found that Ryder Distribution Systems, Inc. and DPD, Inc. violated Sec. 8(a)(1) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(1), by interfering with and restraining the right of employees to choose to be represented by Teamsters Local 667 rather than by District 2-A, Transportation, Technical, Warehouse, Industrial and Service Employees Union.
 
 
 2
 The ALJ also found that Ryder and DPD violated Secs. 8(a)(2) and (1) of the Act by assisting and encouraging employees to sign authorization cards for District 2-A and by recognizing, entering into, and maintaining a collective bargaining agreement with District 2-A when that union did not represent an uncoerced majority of employees.
 
 
 3
 The ALJ further found that Ryder and DPD violated Secs. 8(a)(3) and (1) of the Act by failing and refusing to employ 32 individuals as full-time drivers because of their membership in or assistance or support of Teamsters Local 667.
 
 
 4
 WELLFORD, Circuit Judge, concurring.
 
 
 5
 While I have considerably more difficulty than do my brethren in enforcing the Board's order under the circumstances here, I concur in the result reached, and particularly, with setting aside that part of the Board's order that would expunge many of the employment records relating to the employees involved in this dispute.
 
 
 6
 I have trouble with granting employees benefits who never filled out an application for employment with Ryder. Most of the former Diesel Recon drivers did make written applications, all dealt with the same employee, and in similar circumstances I find no justifiable reason not to credit Linda Averill's testimony. She had no axe to grind and was no longer a Ryder employee when she testified.
 
 
 7
 I likewise have difficulty with the late charges involving Baker, Roser, Sexton, Taylor, Smith and Hinton relating to section 8(a)(3). Because I believe there was substantial evidence of anti-teamster animus, however, I concur in the result reached despite my reservations.
 
 
 8
 Lastly, the ALJ found that the employer violated Secs. 8(a)(5) and (1) of the Act by refusing to recognize and bargain with Local 667.
 
 
 9
 The Board concluded that under the joint employer doctrine, Ryder System, Inc. was also responsible for the unfair labor practices; modifying the ALJ's order to include Ryder System, Inc., the Board adopted the order as its own.
 
 
 10
 Upon consideration of the record, briefs, and arguments, we find that the Board's findings of fact are supported by substantial evidence. Accordingly, for the reasons set forth in the decisions of the ALJ and the Board, we GRANT enforcement of the Board's order except for Sec. 2(c) thereof; that section, which directs the employer to expunge from its records "all employment applications, voice stress analysis tests, tapes and recordings, and other records pertaining to each discriminatee ...", is overbroad and will not be enforced.